IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **OBED NORMAN,** | |
| *Plaintiff*, | |
| v. | Case No.: 1:25-cv-03414-JRR |
| **DONALD J. TRUMP,** *et al.*, | |
| *Defendants.* | |

## ORDER

On October 15, 2025, Plaintiff Obed Norman, a self-represented litigant, filed a Complaint for Declaratory and Injunctive Relief (ECF No. 1; the "Complaint") against Defendants Donald J. Trump, in his official capacity as President of the United States, the Department of Government Efficiency ("DOGE"), the National Science Foundation ("NSF"), and various officials from DOGE and NSF, sued in their official capacities. (ECF No. 1 ¶¶ 24–31.)  For the reasons set forth below, Plaintiff's Complaint will be dismissed.[1]

Plaintiff alleges he is the President and CEO of STEMLIFE, a Maryland education research nonprofit. (ECF No. 1 at p. 3.)  On October 10, 2024, Plaintiff and colleagues from Iowa State University applied for a $5 million collaborative grant from NSF to fund a proposed project to conduct a study that would address the "learning opportunity gap" between Black and White students. *Id.* at p. 3, ¶ 32.  On June 14, 2025, Plaintiff and his colleagues were notified via email that their proposals were "returned without review" for not meeting agency priorities. *Id.* at p. 3.  Plaintiff asserts "[p]ress reports indicate" that the project proposal was initially "recommended for funding by NSF during the normal review process," but later "returned unfunded due to the fact that DOGE officials had inserted themselves into the normal

---

[1] The court is mindful of its obligation to construe liberally the pleadings and papers of self-represented litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed true.  *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

review process and disqualified the proposals upon discovering that the proposal contained words such as 'diversity.'" *Id.*

Plaintiff seeks a declaration from this court that return of his proposal is unconstitutional and otherwise unlawful because it violates the separation of powers, the First Amendment guarantee of free speech, the Fifth Amendment guarantee of due process, the Impoundment Control Act of 1974, statutes requiring agencies to fulfill congressionally defined missions, and the Administrative Procedure Act. (ECF No. 1 at p. 4.) He also petitions the court for an injunction directing NSF to review its decision and recommend the project proposal for funding. *Id.* ¶ 32.[2]

Plaintiff's Complaint fails to establish his standing, which deprives the court of jurisdiction over this action. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 559 U.S. at 95, and *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

"Article III of the U.S. Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' 'One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue.'" *Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir.

---

[2] It appears Plaintiff's Complaint is substantively identical to the Class Action Complaint for Declaratory and Injunctive Relief in the case of *Thakur v. Trump* filed in the United States District Court for the Northern District of California (Case No. 3:25-cv-04737-RFL). Plaintiff claims that this case is indistinguishable from *Thakur* (ECF No. 1 ¶ 132), where the plaintiffs' motion for preliminary injunction was granted. *Thakur v. Trump*, 787 F. Supp. 3d 955, 1005 (N.D. Cal. 2025). This action, however, is materially distinguishable, as the *Thakur* plaintiffs sought injunctive relief after termination of their previously issued grants. Here, Plaintiff seeks injunctive relief following return of a proposal that was never funded.

2017) (quoting U.S. CONST. ART. III, § 2 and *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)). As the Fourth Circuit has explained:

> To invoke federal jurisdiction, a plaintiff bears the burden of establishing the three "irreducible minimum requirements" of Article III standing:
>
> (1) an injury-in-fact (i.e., a concrete and particularized invasion of a legally protected interest);
> (2) causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant); and
> (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Id.* at 269 (quoting *David v. Alphin*, 704 F.3d 327, 333 (4th Cir. 2013)); *see Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (stating the same elements). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* A concrete injury is one that is "'real,' and not 'abstract.'" *Id.* at 340.

Because Plaintiff seeks declaratory and injunctive relief, he must establish an ongoing or future injury in fact. *See State of Maryland v. United States Dep't of Agric.*, 151 F.4th 197, 209 (4th Cir. 2025) (finding that "[p]rospective relief must instead be justified by prospective injury"); *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) (explaining that "[w]hen a plaintiff seeks prospective relief such as an injunction, the plaintiff must establish a sufficient likelihood of future injury"); *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) (noting that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects"). "An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony*

*List v. Driehaus*, 573 U.S. 149, 158 (2014) (citations omitted) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)).

Plaintiff avers that he and "his associates have suffered concrete financial, professional, and other harms from NSF's unilateral return" of their proposal for which they have dedicated years of time and effort and that without relief they "will suffer irreparable injury to their research and their careers." (ECF No. 1 at p. 9.) Plaintiff's injury is too conjectural to establish standing. Further, Plaintiff rests on speculative future injury, as opposed to plaintiffs whose grant-funded projects were terminated who identify resultant concrete financial and operational harms. *See Thakur v. Trump*, 787 F. Supp. 3d 955, 980 (N.D. Cal. 2025), *stay denied*, 148 F.4th 1096 (9th Cir. 2025) (concluding plaintiffs adequately alleged in injury-in-fact arising from future unexpected funding shortfalls, potential lay offs of staff, career and reputational harm from unfinished projects, and the substantial amount of time necessary to obtain alternate funding after sudden termination of grant); *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 767 F. Supp. 3d 243, 268-69 (D. Md.), *opinion clarified*, 769 F. Supp. 3d 465 (D. Md. 2025) (holding plaintiffs adequately alleged "concrete actual injuries" including loss of salary and ability to contract for work due to termination of grants); *President & Fellows of Harvard Coll. v. United States Dep't of Health & Hum. Servs.*, No. 25-CV-10910-ADB, 2025 WL 2528380, at *15 (D. Mass. Sept. 3, 2025) (concluding plaintiffs whose previously funded projects were terminated, thereby forcing them to cease research activities and leaving them unable to resume, suffered "'continuing direct injury' sufficient to support a request for injunctive relief.").

Having failed to establish an injury-in-fact necessary to confer Article III standing, the Complaint will be dismissed for lack of subject matter jurisdiction. It is, therefore, this 4th day of November 2025:

**ORDERED** that the Complaint (ECF No. 1) shall be, and is hereby, **DISMISSED without prejudice**; and further it is

**ORDERED** that Madam Clerk shall transmit a copy of this order to Plaintiff and **CLOSE** this case.

/s/
Julie R. Rubin
United States District Judge